UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis Dale Richardson, # 269166; | ) | C/A No. 4:06-3503-RBH-TER |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | REPORT |
| | ) | AND |
| South Carolina Department of Corrections; Jim Brennan; | ) | RECOMMENDATION |
| J. Reuben Long Detention Center; Horry County; | ) | |
| Philip Thompson Sheriff; Tom Fox, Director of J. Reuben | ) | |
| Long Detention Center; Loris Police Department; | ) | |
| Loris Police Department Chief of Police; Adam Bell; | ) | |
| Loris Police Department Police Officer, Official and | ) | |
| Individual Capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in the above-captioned case. This review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F. 3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F. 2d 948 (4th Cir. 1979).

This complaint is subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act. This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without pre-payment of the filing fee.

The plaintiff is incarcerated at the J. Reuben Long Detention Center in Conway, South Carolina. The plaintiff is a frequent filer in the federal court system and previously has filed more than a dozen civil actions in this Court. At least three civil actions filed by the plaintiff have been dismissed as frivolous, malicious, or failing to state a claim. *See Richardson v. South Carolina Department of Corrections*, No. 4:06-00453-RBH (D.S.C. June 14, 2006); *Richardson v. Horry County Sheriff's Department*, No. 4:05-01075-RBH (D.S.C. Dec. 15, 2005); *Richardson v. Thompson*, No. 4:04-01256-RBH (D.S.C. Oct. 7, 2004). In light of the plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. 28 U.S.C. § 1915(g); *see Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception as the plaintiff does not allege that he is in any danger of serious physical injury.

## **Recommendation**

It is recommended that the complaint be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g).

Respectfully Submitted,

s/Thomas E. Rogers, III

April 25, 2006  
Charleston, South Carolina

Thomas E. Rogers, III  
United States Magistrate Judge

**The plaintiff's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Charleston, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).